COATES et al. v. BOKER.

(Circuit Court of Appeals, Second Circuit. December 2, 1902.)

No. 62.

1. PATENTS—PATENTABLE NOVELTY—HAIR-CLIPPING MACHINE.
    The Lee patent, No. 382,288, claim 4, for a hair-clipping machine having ball bearings between the reciprocating cutter-plates and the cap, in view of the common use of such bearings for the same purpose in analogous structures, is void for lack of patentable novelty.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Appeal from a decree holding valid the fourth claim of letters patent No. 382,288, granted to Lewis S. Lee for a hair-clipping machine, and granting an injunction and an accounting. The opinion of the circuit court will be found in 115 Fed. 637.

Harold Binney, Louis C. Raegener, and S. L. Moody, for appellant.
Stewart Chaplin, for appellees.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

COXE, Circuit Judge. Every element of the combination of the fourth claim, except the ball bearings, was old at the date of Lee's application. The desirability of anti-friction devices in hair-clipping machines had long been recognized and rollers having this object in view had been interposed between the cap and the reciprocating cutter. Lee substituted balls for the rollers of the prior art.

In order to sustain the claim we must find that it involved an exercise of the inventive faculty to make this substitution. If ball bearings, which concededly are one of the most familiar means for overcoming friction, had been used by Lee for the first time in a clipping machine, it is possible that invention might be predicated of such use. But precisely what he did had been done before in an analogous art.

Several of the appellant's references are to grass and grain cutters, but such structures are entirely relevant to the present issue. Little attempt has been made in the testimony to dispute this proposition and one of the patents in proof is for a machine "for the cutting of hair, grass, and for other purposes." The application of an old structure to a similar use is not invention. Briggs v. Ice Co., 8 C. C. A. 480, 60 Fed. 87. Voss, in March, 1888, had used ball bearings, in an almost identical environment, to reduce friction between the upper and lower cutting plates of a mowing machine. In view of this patent, which we regard a complete though not the only answer to the patent in suit, we feel constrained to hold the claim in controversy void for lack of patentability.

Decree reversed.